FILED IN CHAMBERS
U.S.D.C ATLANTA

Date: Mar 10 2022

KEVIN P. WEIMER, Clerk

By: s/Kevin Morris
Deputy Clerk

# United States District Court

NORTHERN DISTRICT OF GEORGIA

UNITED STATES OF AMERICA

v.

MEDFORD LAYATTE DANIELS, JR., AND
ROMEO RAMARIZES-QUINTERRIU SWOFFORD

**CRIMINAL COMPLAINT**

Case Number: 1:22-MJ-206

I, the undersigned complainant being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about March 9, 2022 in Fulton County, in the Northern District of Georgia, defendants did, conspire to make false statements to a federally licensed firearms dealer; aided and abetted the making of false statements to a federally licensed firearms dealer; received a firearm while under indictment; possessed a firearm in furtherance of a drug trafficking crime; and possessed a controlled substance with intent to distribute,

in violation of Title 18, United States Code, Sections 371, 922(a)(6), 922(n), and 924(c), and Title 21, United States Code, Section 841(a)(1).

I further state that I am a Special Agent and that this complaint is based on the following facts:

PLEASE SEE ATTACHED AFFIDAVIT

Continued on the attached sheet and made a part hereof.   Yes

*Tyler Wilson*
Signature of Complainant
Tyler K. Wilson

Based upon this complaint, this Court finds that there is probable cause to believe that an offense has been committed and that the defendant has committed it. Sworn to me by telephone pursuant to Federal Rule of Criminal Procedure 4.1.

| March 10, 2022 | at | Atlanta, Georgia |
|---|---|---|
| Date | | City and State |

REGINA D CANNON
UNITED STATES MAGISTRATE JUDGE
Name and Title of Judicial Officer

*R. Cannon*
Signature of Judicial Officer

AUSA Theodore S. Hertzberg /  /
theodore.hertzberg@usdoj.gov

# AFFIDAVIT IN SUPPORT OF
# AN APPLICATION FOR A COMPLAINT

I, Tyler Wilson, depose and say under penalty of perjury:

## INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent ("SA") with the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), and have been so employed since December of 2020. I am currently assigned to Atlanta Group III, a Strategic Atlanta Firearms Enforcement Group, where my duties include the investigation and enforcement of violations of firearms laws and associated violations encountered in the course of these duties. Before joining ATF, I completed the Virginia Department of Criminal Justice Services Basic Law Enforcement Training Program and was employed as a police officer and investigator with the Patrick County Sheriff's Office in the Commonwealth of Virginia from 2011-2020.

2. During my tenure as an ATF SA, I have received specific training on firearms trafficking and other violations of the federal firearms laws and federal Controlled Substances Act. I have participated in large-scale investigations resulting in the arrest and prosecution of offenders at the federal level. As part of those investigations, I have conducted or personally participated in both physical and electronic surveillance. I have also been involved in the execution of various types of search and arrest warrants.

3. As an ATF SA, I am an "investigative or law enforcement officer of the United States" within the meaning of 18 U.S.C. § 2510(7). Therefore, I am empowered to conduct investigations of and to make arrests for offenses enumerated in 18 U.S.C. § 2516.

1

4.	The facts contained in this affidavit come from my personal observations, ATF records/documents, my training and experience, and information obtained from other agents and witnesses.  This affidavit is intended to show that there is sufficient probable cause for the requested complaint and does not set forth all my knowledge about this matter.

5.	Based on the facts below, there is probable cause to believe that Romeo Ramarizes-Quinterriu SWOFFORD has committed violations of Title 18, United States Code, Sections 922(a)(6) and 2 [Aiding and Abetting False Statements to a Federally Licensed Firearms Dealer] and 371 [Conspiracy to Provide False Statements to a Federally Licensed Firearms Dealer].

6.	Additionally, there is probable cause that Medford Layatte DANIELS Jr. has committed violations of Title 18, United States Code Sections 922(n) [Receipt of a Firearm by a Person Under Indictment], 371 [Conspiracy to Provide False Statements to a Federally Licensed Firearms Dealer] and 924(c) [Possession of a Firearm in Furtherance of a Drug Trafficking Crimes], and Title 21, United States Code, Section 841(a)(1) [Possession of a Controlled Substance with the Intent to Distribute].

## PROBABLE CAUSE

7.	Between August 14, 2021 and January 21, 2022, Cemonte Deshon WADE purchased approximately 46 firearms from various Federal Firearms Licensees ("FFLs"), including Adventure Outdoors ("AO"), an FFL located at 2500 South Cobb Drive, Smyrna, Georgia 30080, within the Northern District of Georgia.  Two of the firearms purchased by WADE during that period have been recovered by law enforcement officers in Canada.

8. On March 9, 2022, an employee of AO notified ATF SA Tyler Wilson that Cemonte Deshon WADE had returned to the business to purchase additional firearms. SA Wilson asked the employee to delay the sale of firearm(s), without alerting WADE, until agents could arrive to conduct surveillance. The employee agreed and provided SA Wilson updates related to WADE's description and demeanor, and the firearms WADE wished to purchase, until agents arrived. Once agents arrived, AO transferred two Glock firearms to WADE.

9. Agents observed WADE exit AO carrying two Glock firearm boxes and enter the back passenger seat of a blue four-door Hyundai Sonata bearing Georgia license plate RWX6805 (hereinafter, "VEHICLE #1"). Agents observed additional occupants in the driver and front passenger seats of VEHICLE #1. A law enforcement database query revealed that VEHICLE #1 was registered to Jotrisia June MAHONEY.

10. Agents followed VEHICLE #1 as it travelled directly from AO to The Vault, another FFL, located at 2445 Austell Road SW, Marietta, Georgia 30008, within the Northern District of Georgia. Agents observed WADE exit the backseat of VEHICLE #1 and enter The Vault. The other two occupants of VEHICLE #1 did not exit the vehicle.

11. At The Vault, WADE purchased one additional Glock firearm (Glock, model G26, 9mm pistol, S/N: AGBP603). Agents observed WADE exit The Vault, enter VEHICLE #1 with the two unidentified subjects, and depart the location.

12. Agents surveilled VEHICLE #1 as it travelled to the parking lot of the American Deli located at 1250 Caroline Street NE, Atlanta, Georgia 30307, within the Northern District of Georgia. VEHICLE #1 backed into a parking spot directly next to a

3

white Dodge Ram Cargo van bearing Georgia license number TBQ5851 (hereinafter, "VEHICLE #2"). VEHICLE #2 was occupied by an unidentified black male (later identified as Medford Layatte DANIELS Jr.).

13. Agents observed the front passenger of VEHICLE #1 (later identified as Romeo Ramarizes-Quinterriu SWOFFORD) transfer several Glock gun boxes and a black backpack into VEHICLE #2 and return to VEHICLE #1. Subsequently, VEHICLE #1 (containing all three original occupants), departed the parking spot and began to leave the location. ATF SAs, utilizing the emergency equipment in their ATF vehicles, detained both vehicles and their respective occupants.

14. The occupants of VEHICLE #1 were Jotrisia June MAHONEY (driver), SWOFFORD (front-seat passenger), and WADE (rear driver's side passenger). The sole occupant (driver) of VEHICLE #2 was DANIELS.

15. Agents queried DANIELS's criminal history in the National Crime Information Center database and learned that he was sentenced under the Georgia First Offender Act on June 4, 2019, in the Superior Court of Clayton County, for numerous crimes punishable by imprisonment for a term exceeding one year, including Possession of Marijuana with Intent to Distribute and Possession of a Firearm or Knife During Commission of a Felony. DANIELS remains under indictment in the Clayton County case, whereas his First Offender probation is not due to terminate until the year 2026.

16. Agents searched VEHICLE #2 and recovered the following items from the following locations:

A. Glock (Austria), model 27 Gen 5, .40 caliber pistol, S/N: BVLK612. Found in a black backpack.

B. Glock (US), model 26 Gen 5, 9mm pistol, S/N: AGKC191. Found in a black backpack.

C. Glock (Austria), model 45, 9mm pistol, S/N: BKED206, containing a loaded large-capacity magazine, and containing a round of ammunition in the chamber. Found in the driver's side door.

D. Glock (US), model 26 Gen 5, 9mm pistol, S/N: AGKC184. Found in a Glock box in the rear compartment of the van.

E. Glock (Austria), model 27 Gen 5, .40 cal pistol, S/N: BUWV078. Found in a Glock box in the rear compartment of the van.

F. Glock (US), model 26 Gen 5, 9mm pistol, S/N: AGBP603. Found in a Glock box in the rear compartment of the van.

G. Glock (US), model 26 Gen 5, 9mm pistol, S/N: AGKC170. Found in a Glock box in the rear compartment of the van.

H. Glock (Austria), model 19, 9mm pistol, S/N: SAH619, containing a loaded magazine, and containing a round of ammunition in the chamber. Found in a Glock box in a green backpack on the passenger seat floorboard.

I. Glock (Austria), model 26 Gen 4, 9mm pistol, S/N: BKWT683. Found in a green backpack on the passenger seat floorboard.

J. A large bag of suspected marijuana. Found in a black backpack in the rear compartment of the van.

K. A digital scale. Found in a black backpack in the rear compartment of the van.

L. Three (3) individually packaged bags of marijuana marked as containing approximately 3.5 grams each.

17. The large bag of suspected marijuana contained a green leafy substance that agents recognized, based on their training and experience, to have the visual characteristics and odor of raw marijuana. Dozens of large "nuggets" of the suspected marijuana were bundled in a clear plastic bag with a quantity of United States currency as depicted in the photograph below:



18. Without the currency, the suspected marijuana in the large plastic bag weighed approximately 246 grams and field tested positive for the properties of marijuana.

19. The three individually packaged bags of suspected marijuana were marked as LAX Packs Gelato #41 and Backpackboyz Italian Ice as depicted in the photograph below:



20. Gelato #41 and Italian Ice are marketed on the internet as high-THC strains of marijuana.

21. Marijuana is a Schedule I controlled substance.

22. According to an ATF Form 4473, Firearms Transaction Record, maintained by AO, WADE purchased firearms D and E as described in paragraph 16 above on March 9, 2022

23. According to an ATF Interstate Nexus expert, firearms A, C, E, H and I as described in paragraph 16 above were manufactured outside of Georgia. Therefore, prior to their recovery by ATF agents on March 9, 2022, those firearms travelled in or affected interstate commerce.

24. After being advised by agents of his Miranda rights, DANIELS admitted to possessing the firearm located in the driver's side door of VEHICLE #2 (Item C). DANIELS claimed to have borrowed the gun from a friend. DANIELS admitted that he knew, because of his criminal history, that he was not permitted to possess a firearm. DANIELS claimed the others firearms were in his vehicle was because he was going to give SWOFFORD a ride home. DANIELS admitted that he sells marijuana and that SWOFFORD is one of his marijuana customers.

25. After being advised by agents of his Miranda rights, WADE admitted that he purchased three firearms earlier in the day and that SWOFFORD had provided $600 towards those purchases. WADE also admitted that he had transferred possession of those firearms, and had previously transferred possession of other firearms, to SWOFFORD. WADE said that he was usually paid a couple hundred dollars per firearm and would receive the funds via US Currency or "CashApp." WADE advised agents that he would use his cellular telephone to communicate with SWAFFORD.

26. MAHONEY agreed to speak with agents. MAHONEY claimed that she purchased two (2) firearms with her own money earlier during the day but could not recall which firearms she had purchased or where she had purchased them from. ATF SA Nicholas DeGennaro asked MAHONEY how many guns she had purchased previously, and MAHONEY guessed "seven" total.

27. MAHONEY said she was unsure how the firearms she purchased that day ended up in the white van operated by DANIELS. MAHONEY claimed that she was not paying attention. MAHONEY further claimed she did not know DANIELS

8

and claimed no one told her why she was driving SWOFFORD and WADE to the American Deli parking lot or who they were going to meet there.

## CONCLUSION

28.     Based on the foregoing, I respectfully submit there is probable cause to believe that Romeo Ramarizes-Quinterriu SWOFFORD has committed violations of Title 18, United States Code, Sections 922(a)(6) and 2 [Aiding and Abetting False Statements to a Federally Licensed Firearms Dealer] and 371 [Conspiracy to Make False Statements to a Federally Licensed Firearms Dealer], and that Medford Layatte DANIELS Jr. has committed violations of Title 18, United States Code, Sections 922(n) [Receipt of a Firearm by a Person Under Indictment], 371 [Conspiracy to Make False Statements to a Federally Licensed Firearms Dealer], and 924(c) [Possession of a Firearm in Furtherance of a Drug Trafficking Crime], and Title 21, United States Code, Section 841(a)(1) [Possession of a Controlled Substance with the Intent to Distribute].